## 8075

### STATE *EX REL.* LYON, ATTORNEY GENERAL, v. BRADY.

1. NUISANCE.—For the Court to exercise its discretion to dismiss a proceeding to enjoin the maintenance of a public nuisance on the ground that there has been a *bona fide* abatement, there must be a satisfactory showing that the abatement is complete within the jurisdiction of the Court.

2. ATTORNEYS.—Alleged verbal agreements between counsel will not be considered.

Proceeding in the original jurisdiction of this Court by Attorney General J. Fraser Lyon against P. A. Brady, James Milton and State Agricultural and Mechanical Society to abate a nuisance of betting at the races conducted at the society's grounds when the proceeding was begun.

*Attorney General J. Fraser Lyon,* for the State.

*Messrs. Nelson, Nelson & Gettys,* contra.

January 5, 1912. PER CURIAM. In response to the order heretofore made by the Chief Justice requiring the defendants to show cause why they should not be enjoined from maintaining a public betting place alleged in the petition to be a public nuisance, the defendants have submitted preliminary returns averring that the horse racing upon which it was alleged the bets were made and all that pertained to it had been discontinued and that none of the acts complained of are now done at the fair grounds near the city of Columbia, the place where it was alleged the nuisance was maintained.

A party to a proceeding to enjoin the maintenance of a public nuisance cannot arrest the proceedings by alleging merely that he no longer maintains the nuisance at the particular place mentioned in the petition. For the Court to exercise its discretion to dismiss the proceedings on the ground that there has been a *bona fide* abatement by the party charged, there must be a satisfactory showing that the abatement is complete. The averments of discontinuance, except that of State Agricultural and Mechanical Society, are therefore insufficient in that they do not show that the acts alleged to constitute a nuisance are no longer done by the parties anywhere within the jurisdiction of the Court.

The return of State Agricultural and Mechanical Society comes up to this requirement.

The Court can take no cognizance of any alleged verbal agreement between the Attorney General and counsel for defendants.

It is therefore ordered that the proceedings be dismissed as against State Agricultural and Mechanical Society, upon its payment of the costs incurred in the proceedings against it.

It is further ordered that the other defendants do present their final and complete returns to this Court at ten o'clock on Monday, January 8, 1912.